**STATE of Minnesota, Appellant,**

**v.**

**Louie George DURANTE, Respondent.**

**No. C8–87–125.**

Court of Appeals of Minnesota.

May 26, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Michael Q. Lynch, Kandiyohi Co. Atty., Willmar, for appellant.

C. Paul Jones, State Public Defender, and Cathryn Young Middlebrook, Asst. Public Defender, University of Minnesota, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY *, JJ.

## OPINION

HUSPENI, Judge.

The trial court ordered suppression of the out-of-court statements of two witnesses. The State appeals and argues that the court erred in basing the order on the hearsay rule and the confrontation clause of the federal constitution. We affirm.

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

During the early morning hours of May 27, 1986, a mobile home occupied by Robert Rodriquez, his wife Connie and three children was destroyed by fire. All of the occupants escaped unharmed. During an arson investigation, it was learned that a silver car had been seen several times in the vicinity of the trailer prior to the fire and at the time of the fire. Four occupants were seen in the car, and a partial license number was obtained. The occupants of the car were eventually identified and questioned.

Two of the occupants of the car, Tamara Martinson and James Flygstad, each gave statements on August 21 and August 27. Both stated that they had been driving around much of the evening of the fire. Martinson was driving and Flygstad was a front seat passenger. Defendant Louie Durante and Roseanne Brown were in the back seat. According to Martinson and Flygstad, they drove around the trailer park several times at the request of Durante. They stated that while in the general area of the trailer park, Durante asked Martinson to stop and then left the car without explanation and subsequently returned. Martinson and Flygstad said they later saw Durante throw fuses and a fuse holder out of the window of the car into a highway ditch. They further stated that on another stop Durante removed two glass jars or bottles and some rags from a nearby apartment dumpster and that after another foray outside the car he returned with containers full of gas. Finally, according to the statements, Durante left the car with the gas-filled bottles and moments before the Rodriquez trailer was engulfed by flames ran back to the car with orders to leave quickly. Flygstad and Martinson stated that they remained ignorant of Durante's plans and activities throughout the night and did not participate in them.

At a grand jury inquiry in September, 1986, Martinson and Flygstad testified. Their testimony was consistent with their prior statements and with one another. Durante and Brown did not testify. Durante was indicted for first degree arson, attempted first degree murder and two alternative counts of aiding another in the commission of a crime.

In a statement to police following his indictment, Durante implicated Flygstad and credited him with a much more substantial role in the preparation and fire setting. In separate statements given on November 7, 1986, Flygstad and Martinson said that Flygstad and Durante had assisted one another in obtaining the containers, rags and gas. They also said that both men had approached the Rodriquez trailer with gas-filled jars and that each of them had slashed a tire on Rodriquez's car. Flygstad said he had no intention of burning the trailer but instead threw his bottle on the ground beside the car while Durante placed his bottle on or under the front door step of the trailer. The evidence supported the claim that there were two separate fires.

The grand jury was then reconvened to consider additional indictments. Martinson and Flygstad refused to testify. Martinson was indicted on two counts of aiding another in the commission of a crime, and Flygstad was indicted for first degree arson, attempted first degree murder and two counts of aiding another in the commission of a crime.

Both the prosecution and defense expected that at Durante's trial Martinson and Flygstad would avail themselves of their Fifth Amendment privilege against self-incrimination. In anticipation of this, Durante moved to suppress the statements and grand jury testimony given by Martinson and Flygstad. The trial court issued a pre-trial order granting the motion, and the State appeals.

## ISSUE

Has the State demonstrated clearly and unequivocally that the trial court erred in suppressing the statements of the co-defendants?

## ANALYSIS

When reviewing the State's appeal from a pre-trial order, this court will reverse an order suppressing evidence only if the

State demonstrates clearly and unequivocally that the trial court erred in suppressing the evidence and that the error will have a critical impact on the outcome of the trial. *State v. Webber,* 262 N.W.2d 157 (Minn.1977); *see also State v. Kim,* 398 N.W.2d 544, 547 (Minn.1987).

I.

In suppressing the statements, the trial court relied in part on the hearsay rule. The State argues that the statements Flygstad and Martinson gave on August 21 and 27 are directly contrary to their penal interests and are therefore admissible as an exception to the hearsay rule. The exception applies if the statement, at the time of its making, tended to subject the declarant to criminal liability so that a reasonable person in his position would not have made the statement unless he believed it to be true. Minn.R.Evid. 804(b)(3). A statement offered to principally exculpate the declarant is "suspect absent the presence of solidly inculpating statements. * * * This is particularly significant when the statement inculpates a defendant." *State v. Hansen,* 312 N.W.2d 96, 101 (Minn.1981).

A review of the August 21 and August 27 statements of Martinson and Flygstad clearly shows that these statements were directed at minimizing their own involvement in Durante's activities and thereby exculpating themselves while inculpating Durante. Because the statements were predominantly exculpatory with no corroborating circumstances to indicate trustworthiness, the trial court did not err in ruling them inadmissible.

II.

The State has not provided us with a transcript of the grand jury testimony, and therefore we cannot determine whether the trial court erred in excluding this testimony.

III.

With regard to the November 7 statements, the State contends that both Flygstad and Martinson knew they were admitting to perjury and to aiding in the commission of attempted murder and arson. Therefore, the State argues, the statements were against their penal interests and admissible as an exception to the hearsay rule under Rule 804(b)(3).

However, we conclude that the State has not shown that Martinson's November 7 statement was so strongly against her interest that she would not have made it unless she believed it to be true. Although Martinson admits to perjury, she was told before she made her statement that the police had new evidence which showed that her earlier statements were not correct. Her statement attempts to shift the blame away from herself and Flygstad and place it on Durante. Viewed in its entirety, the statement is not predominantly inculpatory. *Id.* Therefore, the trial court did not err in determining it was not admissible as an exception to the hearsay rule.

Flygstad's statement, however, is a statement against interest. He admits he was present at the fuse box when Durante pulled the fuses, that he slashed a tire on the victim's car, that he slashed a tire on another car, that he helped Durante fill bottles with gas, that he agreed to help burn the trailer, and that he went with Durante to the trailer. A reasonable person in Flygstad's place could not help but realize that his statements subjected him to criminal liability, notwithstanding the fact that they also inculpated respondent. *State v. Black,* 291 N.W.2d 208, 213 (Minn. 1980).

Even though Flygstad's statement was admissible under the hearsay rule, this conclusion does not end our inquiry. The statement must also be admissible in light of the Sixth Amendment guarantee that: "[i]n all criminal prosecutions the accused shall enjoy the right * * * to be confronted with the witnesses against him." Statements admissible under a hearsay exception may still be inadmissible at trial because they violate the confrontation clause. *Hansen,* 312 N.W.2d at 102. To determine whether application of a hearsay exception violates the confrontation clause, the decla-

ration must be shown to be necessary and to bear sufficient indicia of reliability. *Id.*

The State has met the requirement of necessity by showing that the declarant is unavailable. Witnesses who invoke their Fifth Amendment privilege are unavailable for purposes of the confrontation clause. *Id.* However, the State has not shown that Flygstad's statement is reliable. Statements which incriminate the defendant, made by accomplices during police questioning, are considered presumptively unreliable. *Lee v. Illinois,* — U.S. —, 106 S.Ct. 2056, 2063, 90 L.Ed.2d 514 (1986). Flygstad's November 7 statement contradicts his earlier statements to police. Flygstad's confession came only after Martinson told him that she had already implicated him. The unsworn November 7 statement was given in response to police interrogation, and the statement was not tested by any form of cross-examination. The details which the State cites as corroboration for the November statement are also consistent with the earlier statements, which were admittedly untrue. In light of these facts, we conclude that the State has failed to rebut the presumption of unreliability and that the trial court did not err in determining that the statement was inadmissible under the confrontation clause.[1] *See id.* 106 S.Ct. at 2064–65.

## IV.

The State also claims that the statements of both Flygstad and Martinson have sufficient guarantees of trustworthiness and fall within the residual exceptions to the hearsay rule. Minn.R.Evid. 803(24), 804(b)(5). We cannot agree. Both Flygstad and Martinson have told conflicting stories. The State has not met its burden of demonstrating that the statements were trustworthy.

Finally, the State claims that the Flygstad and Martinson statements are non-hearsay statements by co-conspirators under Minn.R.Evid. 801(d)(2)(E). The rule requires that the statement be made by a co-conspirator "of a party during the course" of a conspiracy. *Id.* The State has failed to show that a conspiracy to burn the trailer existed. More importantly, the State has made no showing that Flygstad and Martinson conspired with respondent to conceal their involvement in the fire, thereby extending the conspiracy to the time that the statements were made. Consequently, the statements do not fall within the co-conspirator exception to the hearsay rule.

Because the State has failed to demonstrate clearly and unequivocally that the trial court erred in suppressing the statements of Martinson and Flygstad, we need not address the "critical impact" prong of the *Webber* test.

## DECISION

The State has failed to establish clearly and unequivocally that the trial court erred in suppressing the statements.

Affirmed.

1. We note that Martinson's statements, which we decide today are inadmissible under the hearsay rules, would also be barred by the confrontation clause.