**STATE of Minnesota, Respondent,**

v.

**Kenneth William WATTS, Appellant.**

No. C1–89–987.

Court of Appeals of Minnesota.

March 20, 1990.

Hubert H. Humphrey III, Atty. Gen., Robert A. Stanich, Asst. Atty. Gen., St. Paul, William H. Dolan, Meeker County Atty., Litchfield, for respondent.

John M. Stuart, State Public Defender, Cathryn Middlebrook, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by NORTON, P.J., and HUSPENI and STONE *, JJ.

## OPINION

NORTON, Judge.

Appellant Kenneth Watts was charged with second degree arson, second degree

---

* Acting as judge of the Court of Appeals by ap-      pointment pursuant to Minn. Const. art. VI, § 2.

burglary, and felony theft following an incident in which a fire was set so that a fireman's home could be burglarized while he responded to the call. At trial, the court admitted into evidence an unsworn statement made by an alleged accomplice during police questioning. Watts was convicted on all three counts. We reverse and remand for a new trial.

## FACTS

At about 10:15 p.m. on September 25, 1988, the Holmgren family was awakened by a small explosion near their home in rural Dassel, Minnesota. Looking outside, they saw that a machine shed was in flames. The Dassel fire department was called, but was unable to save the shed. The shed contained 550 bales of hay, a tractor, mower, and tools. The shed and contents were valued at over $7000.

Phillip Anderson, a member of the Dassel fire department, responded to the Holmgren call. Anderson left his trailer home unlocked but with the doors closed. When he returned from the fire, he discovered that his stereo receiver, speakers and tape deck were gone. Anderson reported the loss to the police.

In October 1988, the Stearns County Sheriff's Office received a tip that stolen stereo equipment was located in the apartment of Watts and Joseph Wilkinson in St. Cloud. According to the informant, the equipment was stolen at the same time a fire had been set. The police obtained a search warrant for the apartment. When they arrived, Watts fled but was apprehended two blocks away. Watts was charged with arson in the second degree, burglary in the second degree and theft.

Wilkinson was arrested the following day. When questioned by the police, he gave a statement which implicated Watts in the fire and burglary.

A jury trial was held on January 25, 1989. Stacey Bollin testified at trial. At the time of the fire, Bollin lived next door to Anderson in Dassel and was Watts' girlfriend. Bollin testified that on September 25, 1988, Watts and Wilkinson were visiting her in Dassel. She heard them discussing a plan to start a fire and get Anderson away from his home so they could steal his stereo.

According to Bollin, on the night of the fire, Watts and Wilkinson discussed their plan at Bollin's trailer. All three left the trailer park and drove to a gravel road near the Holmgren farm. Watts and Wilkinson got out and were gone for ten to fifteen minutes. When they returned, Wilkinson said "That's the first fire I ever lit." Bollin saw a fire as they drove away. Bollin testified that later that evening the men left her at her home and she assumed they were going to take the stereo. Bollin later saw Wilkinson putting stereo equipment in his car, but did not see Watts.

Wilkinson was also called as a witness at trial. He stated his name but refused to answer other questions, and was found in contempt of court. Wilkinson's prior statement to the police was admitted into evidence. According to the statement, Watts and Wilkinson discussed starting a fire to get Anderson out of his house. Under Wilkinson's version of events, he stayed with the car at Holmgren's and Watts ran across the road, returned, and said they had to "get out of there quick." Wilkinson saw the fire as they left. Wilkinson stated that Watts took the stereo from Anderson's house, and both men loaded the equipment into Watts' car.

Mary Kuschel testified for the defense. She stated that Bollin and Wilkinson had a relationship, and that Bollin told her Wilkinson wanted to find a way to put Watts back in prison. On cross-examination, the prosecutor asked Kuschel whether she had previously complained that Watts beat or raped her. She denied the incidents but admitted that she pressed charges in August 1988 leading to Watts' conviction for assault. The defense did not object to these questions.

The jury found Watts guilty on all charges. Following denial of his motion for a new trial, Watts was sentenced to concurrent terms of 68 months, 57 months and 28 months. A resentencing hearing was held on May 30, 1989. The trial court

resentenced Watts on the arson charge, adding a requirement that Watts pay restitution of $7288.83, due jointly and severally with Wilkinson.

## ISSUES

1. Was Wilkinson's statement admissible under the hearsay rules as a statement against penal interest?

2. Did admission of Wilkinson's statement violate Watts' constitutional right of confrontation?

3. Did the prosecutor's elicitation of evidence of an unrelated crime constitute prosecutorial misconduct?

4. Did the trial court err by resentencing Watts to pay restitution on the arson offense?

## ANALYSIS

■ Watts first argues that Wilkinson's statement was inadmissible hearsay under the rules of evidence. We disagree. Wilkinson's statement qualified as a statement against penal interest. Minn.R.Evid. 804(b)(3) provides that if a declarant is unavailable, his out of court statement is admissible as a statement against interest if the statement

> at the time of its making * * * so far tended to subject him to civil or criminal liability * * * that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

Minn.R.Evid. 804(b)(3).

A witness is "unavailable" if he persists in refusing to testify despite an order of the court to do so. Minn.R.Evid. 804(a)(2); see State v. Hansen, 312 N.W.2d 96, 102 (Minn.1981) (witness unavailable when refused to testify). Wilkinson's refusal to testify rendered him an "unavailable" witness. Additionally, Wilkinson's statement directly implicated him in criminal activity.

According to his statement, the fire was Wilkinson's idea. He actively participated in the planning and execution of the arson and burglary. He drove the car to the fire site, helped load the stereo equipment into his car, and kept the stolen equipment at his apartment. While Wilkinson's statement lessened his own involvement in the offenses, it was sufficient to tend to establish criminal liability. Moreover, there is no evidence that Wilkinson received any promises from the state or police for making his statement. See Hansen, 312 N.W.2d at 101 (statement made in exchange for reduced charges inadmissible). Here, admission of Wilkinson's statement did not violate the hearsay rules.

■ A statement, however, which is admissible under the hearsay rule may still be inadmissible because it violates the confrontation clause. State v. Durante, 406 N.W.2d 80, 83 (Minn.Ct.App.1987).

The confrontation clause provides that "[i]n all criminal prosecutions the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." U.S. Const. amend. VI: Minn. Const. art. I, § 6. To determine whether application of a hearsay exception violates the confrontation clause, a two step analysis is applied. Hansen, 312 N.W.2d at 102. First, the necessity of the hearsay declaration must be shown. Second, the statement must have sufficient indicia of reliability. Id. Because Wilkinson was unavailable to testify, the necessity requirement is met. The crucial question here is whether Wilkinson's statement was sufficiently reliable to warrant its admission into evidence. We conclude that it was not. Unsworn, ex parte statements made during police questioning have traditionally been considered inherently untrustworthy. Hansen, 312 N.W.2d at 103. See also Durante, 406 N.W.2d at 84 (statements which incriminate the defendant made by accomplices during police questioning are presumptively unreliable).

Here, the state has not rebutted the presumption of unreliability inherent in Wilkinson's statement. The unsworn statement was given under police questioning

and was not tested by cross-examination. There was evidence that Wilkinson was motivated to incriminate Watts so that he could put Watts "back in prison." This evidence tends to lessen Wilkinson's credibility. His statement was also inconsistent with Bollin's testimony as to who set the fire and who actually stole the stereo equipment. We conclude that there were not sufficient indicia of reliability to permit admission of Wilkinson's statement. Consequently, the trial court erred in admitting the statement.

■ The state argues that Wilkinson's statement falls within a firmly rooted hearsay exception, so that reliability may be inferred. *See Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). We disagree. A co-defendant's statements against penal interest, made during custodial police interrogation, do not constitute a "firmly rooted hearsay exception" so that no further indicia of reliability are necessary in a confrontation clause analysis. *See Olson v. Green,* 668 F.2d 421, 428 (8th Cir.) *cert. denied* 456 U.S. 1009, 102 S.Ct. 2303, 73 L.Ed.2d 1305 (1982) (custodial statements implicating third person do not fall within firmly rooted hearsay exception; although statement may qualify for admission under Minnesota penal interest hearsay exception, this alone does not guarantee sufficient degree of reliability for confrontation clause purposes). The admission of Wilkinson's statement in violation of Watts' constitutional right of confrontation cannot be dismissed as harmless error. Evidence admitted in violation of the confrontation clause may be harmless error where the evidence in other respects is overwhelming. *See State v. Olson,* 291 N.W.2d 203, 206 (Minn.1980); *see also Green,* 668 F.2d at 430 (violation of the confrontation clause does not require reversal if properly admitted evidence of guilt is overwhelming and the prejudicial effect of a co-defendant's statement is so insignificant the admission was harmless error) (quoting *Schneble v. Florida,* 405 U.S. 427, 430, 92 S.Ct. 1056, 1058, 31 L.Ed.2d 340 (1972)).

■ It is clear that admission of Wilkinson's statement was prejudicial. This statement was the only evidence which directly tied Watts to the burglary. Wilkinson also stated that it was Watts who started the fire. In addition, the evidence against Watts, absent Wilkinson's statement, was not overwhelming. Although Bollin's testimony incriminated Watts, Bollin stated that she did not see who set the fire, and that she did not see Watts at all when Wilkinson was loading the stereo equipment into his car. Bollin "assumed" that Watts was involved in the burglary. While the stereo equipment was found in the apartment Watts was staying in, this evidence is not overwhelming given the fact that Wilkinson lived there too. Wilkinson's statement was crucial to the case against Watts. Where the properly admitted evidence against Watts was not overwhelming, it is possible that Wilkinson's statement could have tipped the balance in favor of conviction. Consequently, we cannot consider the improper admission of Wilkinson's statement to be harmless error. We reverse Watts' conviction and remand for a new trial.

■ Our decision to remand for a new trial is strengthened by instances of prosecutorial misconduct at trial. During cross-examination of Mary Kuschel, the prosecutor elicited testimony that Kuschel previously complained that Watts beat and raped her. Kuschel denied the incidents, but admitted that Watts was convicted for assault in connection with her complaints. Evidence that tends to show the accused has committed an unrelated crime is generally inadmissible. *State v. Hjerstrom,* 287 N.W.2d 625, 628 (Minn.1979). The state claims its questions were designed to show bias on Kuschel's part, and presumably to impeach her testimony. The evidence elicited here, however, went beyond proper impeachment purposes and was not essential evidence. This evidence was more prejudicial than probative, and should have been excluded. *See* Minn.R.Evid. 403.

In light of our decision to remand for a new trial, we need not reach the additional issues raised on appeal. Nevertheless, we note that the trial court did not err by resentencing Watts in order to correct the inadvertent omission of an order for resti-

tution. *See* Minn.R.Crim.P. 27.03, subd. 8 (errors in the record arising from oversight or omission may be corrected by the court at any time). Here, the certificate of restitution was properly filed and Wilkinson had already been ordered to pay restitution jointly and severally with Watts. The trial court inadvertently failed to order Watts to pay restitution at the first sentencing hearing. The trial court's correction of this error by adding an order for restitution was proper. This is not a case involving the improper addition of time to a prison sentence.

## DECISION

While Wilkinson's statement was admissible under the hearsay rules as a statement against interest, admission of the statement violated Watts' constitutional right of confrontation. Additionally, the prosecutor improperly elicited evidence of an unrelated crime. Consequently, Watts is entitled to a new trial.

Reversed and remanded.