**John E. RIFE, Jr., Appellant,**

v.

**ONE 1987 CHEVROLET CAVALIER, MINNESOTA LICENSE NO. 509–CRC, VIN NO. 1G1JE111OHJ112508, Respondent.**

**No. C6–91–2069.**

Court of Appeals of Minnesota.

May 5, 1992.

Review Denied June 30, 1992.

Brad C. Eggen, Minneapolis, for appellant.

Robert M.A. Johnson, Anoka County Atty., M. Katherine Doty, Asst. County Atty., Anoka, for respondent.

Considered and decided by HARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The trial court found that forfeiture of the vehicle was authorized by statute and found, inter alia, that the vehicle was owned by Michelle Rife and not appellant, who was the registered owner of the vehicle. We affirm.

## FACTS

In May 1991, the trial court ordered respondent Chevrolet Cavalier forfeited to the City of Anoka Police Department due to use of the vehicle for the drug activity of Steven May in November 1989. At the time of the forfeiture, May was living with Michelle Rife, appellant's daughter.

### A. Seizure

In October 1989, a concerned citizen reported to Anoka police that Steven May was suspected of drug dealing. The police initiated two controlled buys of felony narcotics from May.

During the second controlled buy, police observed May enter the Chevrolet Cavalier with his pocket bulging immediately after he and Michelle Rife drove to Coon Rapids, the place he told the informant he was going to buy drugs. After the couple returned to the Euclid Street apartment, a confidential informant was sent back to the apartment. At that time, the informant gave May $140 and received a bag of marijuana.

The police subsequently obtained a search warrant for the apartment and the vehicle. Apparently, the search warrant was never signed by the issuing court. Michelle Rife was present when the officers searched the apartment. Marijuana was found in the apartment, and both Michelle Rife and May were detained by the police. In the apartment, the officers also found the owner's manual for the Chevrolet Cavalier on the coffee table, and the keys to the vehicle were in Michelle Rife's jacket pocket. The police searched the vehicle before they towed it away. There were no drugs found in the car.

### B. Ownership

In August 1988 Michelle Rife wrote a letter to the court asking for a hearing to release the proceeds of an earlier personal injury settlement. At the time, Michelle Rife's mother was conservator of Michelle Rife's affairs. In this letter Michelle Rife told the court she wanted the money in order to purchase several things, including a vehicle. The court did not release any of the funds on the basis of this letter and Michelle then asked her parents for help.

Michelle Rife and her father subsequently shopped for a car. On October 1, 1988, John Rife entered into a vehicle purchase contract for the 1987 Chevrolet Cavalier. On October 5, Mildred Rife, acting as the conservator of Michelle Rife's estate, petitioned the court for the release of $5,000 to purchase a vehicle, tax and insurance. Appellant listed the vehicle on his insurance policy, but did not name Michelle Rife as one of the primary drivers of the car.

At trial, appellant testified that he decided, without his daughter's input, to purchase the Cavalier for himself and his wife, with the intention of letting Michelle Rife use the vehicle freely to assist her in her desire to gain freedom from May. In order to purchase the vehicle, appellant claimed he borrowed $8,000 from his daughter. As proof, he offered a promissory note notarized by a relative on September 24, 1988, in Wadena County. The note was dated before Michelle Rife's money had been released by the court in early October, and no payments were made on the note until February 8, 1991, three days before trial, when the note was paid in full. No one contests that John Rife is listed on the title as the owner of the vehicle.

May testified that Michelle Rife owned the vehicle. May stated that he had done maintenance on the vehicle and that the car was always in Michelle Rife's possession.

After being arrested on charges of conspiring to sell narcotics, Michelle Rife gave police a statement. She admitted owning the 1987 Cavalier. She further stated she paid for the vehicle and said it was registered in her father's name solely for insurance purposes. She told the officer she paid for the car with money she received from a personal injury settlement fund.

Over appellant's objection, Michelle Rife's statement to the police was admitted at the trial.[1] Appellant claimed that the statement had never been signed and was inadmissible hearsay.

### C. Procedural History

Respondent vehicle was seized on November 1, 1989 pursuant to Minn.Stat. § 609.531, subd. 4 (1988). On that date, the state initiated administrative forfeiture proceedings under Minn.Stat. § 609.5314 (1988) by giving the notice required in Minn.Stat. § 609.5314, subd. 2. Claimant John Rife timely proceeded under Minn. Stat. § 609.5314, subd. 3 to file a demand for judicial determination of the forfeiture question. In his complaint appellant challenged the administrative forfeiture claiming that he was the real owner and was not in privity with the vehicle's unlawful use. Subsequently, appellant further contended that the seizure was flawed because the warrant was not signed. He also claimed a statutory presumption favoring administrative forfeiture was defeated because the vehicle did not contain controlled substances at the time of the seizure. This appeal challenges the trial court's determination that the claimant, John Rife, was not the owner of the vehicle. The court found Michelle Rife owned the vehicle and was in privity with the vehicle's unlawful use. *See* Minn.Stat. § 609.5311 (1988).[2]

---

1. In a sworn affidavit, Michelle Rife later recanted that position:

    That your affiant is not the owner of the above captioned vehicle. * * * That it never has been the intent of your affiant, or her father, John E. Rife, Jr., that your affiant be the lawful owner of the vehicle. * * * That it has always been understood between your affiant and her father, John E. Rife, Jr., that

John E. Rife, Jr., is the lawful owner of the vehicle. * * * That John E. Rife, Jr., has, at all times, retained the right to control the use of the vehicle.

2. Minn.Stat. § 609.5311, subd. 2 provides:

    **Associated Property.** All property, real and personal, that has been used, or is intended for use, or has in any way facilitated, in

## ISSUES

1. Was there sufficient evidence to support the trial court's finding that Michelle Rife owned the forfeited vehicle?

2. Was judicial forfeiture precluded either because the search was unlawful or the vehicle did not contain a controlled substance at the time of the seizure?

## ANALYSIS

### I.

■ When reviewing a trial court's findings of fact, the appellate court shall not set such findings aside unless they are clearly erroneous and "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Minn.R.Civ.P. 52.01. Appellant claims the court's findings should be reviewed de novo because they are based in part on documentary evidence. However, the clearly erroneous standard applies whether the court's findings are "based on oral or documentary evidence." *Id.; see* Minn.Stat. § 609:531, subd. 6a(a) (1988) (forfeiture proceeding is a civil action which employs civil rules of procedure).

■ The state has the burden to prove by clear and convincing evidence that Michelle Rife is the owner of the vehicle. Minn.Stat. § 609.531, subd. 6a(a). There was ample evidence for the trial court to find the county sustained its burden of proof. In August 1988 Michelle Rife requested release of her trust so she could purchase a car. After that request was denied, her mother, as conservator of her trust, requested a release of the funds to purchase the vehicle for Michelle Rife. The vehicle was paid for out of the proceeds from her trust. In her statement to the police, Michelle Rife stated that she owned and operated the vehicle and had

paid for it with her own money. She also stated it was in her father's name only for insurance purposes.

Appellant contends forfeiture was precluded because he was the registered title owner of the vehicle and this was incontrovertible evidence of ownership. Registration of an automobile in Minnesota is prima facie evidence of ownership. Minn.Stat. § 168A.05, subd. 6 (1988). However, Minn. Stat. § 609.531, subd. 6a(b) (1988) designates the registered owner only as the "alleged owner" for purposes of forfeiture proceedings. The legislature's use of the word "alleged" indicates that ownership is not uncontrovertible, and the reference coincides with decisions for other purposes that registration is only a prima facie indication of title. *See Arneson v. Integrity Mut. Ins. Co.*, 344 N.W.2d 617, 619 (Minn. 1984).

Likewise a different result is not compelled by evidence that Michelle Rife's parents did not report her as a primary driver to the insurance company, or by the fact that a conservatorship order was in place at the time the vehicle was purchased. The trial court's finding that she had "custody and control of said automobile from the date it was purchased until the date it was seized" is supported by the evidence.

■ Appellant also contends that the trial court's finding was premised on an inadmissible hearsay statement of Michelle Rife. The trial court has wide discretion in determining whether or not hearsay evidence is admissible. *State v. Whiteside*, 400 N.W.2d 140, 145 (Minn.App.1987), *pet. for rev. denied* (Minn. Mar. 18, 1987). This statement was admitted as an exception to the hearsay rule which allows a statement against the interest of an unavailable witness to be admitted. There was adequate

whole or in part, the manufacturing, compounding, processing, delivering, importing, cultivating, exporting, transporting, or exchanging of contraband or a controlled substance that has not been lawfully manufactured, distributed, dispensed, and acquired is subject to forfeiture under this section.

Forfeiture of property associated with other designated offenses is provided for in Minn.Stat. § 609.5312, subd. 1 (1988) which provides:

**Property Subject to Forfeiture.** All personal property is subject to forfeiture if it was used or intended for use to commit or facilitate the commission of a designated offense. All money and other property real and personal, that represent proceeds of a designated offense, and all contraband property, are subject to forfeiture, except as provided in this section.

evidence that Michelle Rife's statement was trustworthy and that she was unavailable. The statement that she owned the vehicle was inculpatory, revealing details of May's drug dealing. *See State v. Watts,* 452 N.W.2d 728, 731 (Minn.App.1990) (statement is against one's interest if it directly implicates the declarant in criminal activity). Counsel for the Anoka police department was unable to procure Michelle Rife's attendance at a deposition or at trial. Counsel unsuccessfully attempted to subpoena her and contact her by letter several times.

## II.

The trial court found that the vehicle was properly forfeited because it had been used to deliver controlled substances. *See* Minn. Stat. § 609.5311, subd. 2. Except as to ownership, appellant has not challenged the sufficiency of the evidence of that finding. There is ample evidence to support it.

■ Notwithstanding this finding, appellant contends that the forfeiture is twice flawed. First, appellant claims the forfeiture was based upon an improper search. There is evidence that the search warrant was not signed by the issuing court. Appellant secondly contends that the vehicle was not subject to administrative forfeiture because a presumption found in Minn.Stat. § 609.5314, subd. 1(a)(2) (1988) was not satisfied in that the vehicle did not contain a controlled substance at the time of the commencement of the forfeiture proceedings. The state agrees that the vehicle did not contain drugs at the time of the search and seizure or initiation of administrative forfeiture. There is no legal basis to object to the forfeiture on these grounds.

Forfeiture can occur with or without a seizure. A forfeiture is a civil proceeding, and there is no exclusionary rule whereby an unlawful seizure impairs the state's ability to demonstrate its case. Even if the seizure was flawed, the cause for forfeiture was duly proven.

We need not decide here whether an unlawful seizure might preclude administrative forfeiture premised on the seizure and concluded without a judicial contest. The

seizure does not affect a judicial proceeding initiated either by the state pursuant to Minn.Stat. § 609.5313 (1988) or initiated by a claimant under Minn.Stat. § 609.5314, subd. 3, within 60 days following service of a notice of administrative forfeiture. In such cases, the seizure is immaterial.

■ The forfeiture statute states that in administrative proceedings a vehicle "containing" certain substances is presumed subject to forfeiture. Minn.Stat. § 609.-5314, subd. 1(a)(2). Appellant notes the present tense of the "containing" requirement for this presumption. However, the "containing" requirement is used solely to describe the presumption. The existence of the presumption is helpful to the state to sustain a previously uncontested administrative forfeiture or to meet its initial burden to produce evidence in a judicial proceeding commenced by a claimant under Minn.Stat. § 609.5314, subd. 3. *See* Minn. Stat. § 609.531, subd. 6a (agency has benefit of presumption in § 609.5314, subd. 1, but otherwise bears burden of proving after omission giving rise to the forfeiture by clear and convincing evidence). However, absence of the presumption does not preclude the state from proving the forfeiture was appropriate under Minn.Stat. §§ 609.-5311, 609.5312, or 609.5314, subd. 3.

■ The state sustained its burden of proof that the vehicle contained marijuana prior to the occasion of seizure. On November 1, 1989, police officers observed May transport a package believed to be marijuana in the car. The BCA tested the contents of the subsequently seized package and determined it was marijuana. Although the automobile was seized the next day, the trial court correctly found that the vehicle was subject to forfeiture.

## DECISION

The trial court did not clearly err in finding that Michelle Rife was the owner of the Chevrolet Cavalier. Moreover, because in this case the grounds for forfeiture were determined in a judicial proceeding, the forfeiture was appropriate notwithstanding an alleged improper seizure or the absence of

a presumption of cause for an administrative forfeiture.

Affirmed.