Craig T. KING, Respondent,

v.

ONE 1990 CADILLAC DeVILLE, Defendant,

State of Minnesota, Appellant.

No. CX–97–29.

Court of Appeals of Minnesota.

Aug. 19, 1997.

---

William E. McGee, Hennepin County Public Defender, Renee Bergeron, Assistant Public Defender, Minneapolis, for Respondent.

Hubert H. Humphrey, III, State Attorney General, James B. Early, Assistant Attorney General, St. Paul, for Appellant.

Considered and decided by CRIPPEN, P.J., and HUSPENI and WILLIS, JJ.

## OPINION

CRIPPEN, Judge.

Appellant State of Minnesota disputes the trial court's summary judgment that Minnesota's administrative forfeiture law did not permit appellant to employ that process against respondent where the value of controlled substances found in respondent's vehicle was less than $100. Minn.Stat. § 609.5314, subds. 1(a)(2), 2 (1996) (stating presumption that a vehicle is subject to administrative forfeiture if found to contain controlled substances with a retail value of $100 or more and prescribing right and process for administrative forfeiture). Appellant also disputes the trial court's authority to order the return of respondent's car. We affirm the dismissal of the proceedings but modify the judgment to provide that the dismissal be without prejudice. We reverse the order of the court for immediate return of the vehicle.

## FACTS

In March 1996, narcotics agents for the Minnesota Bureau of Criminal Apprehension searched respondent's vehicle and person pursuant to a warrant. The search warrant affidavit stated the belief that respondent possessed and sold crack cocaine on a daily basis and that he transported cocaine in defendant Cadillac. During the search of respondent's vehicle, agents seized approximately $40 worth of cocaine and $30 worth of marijuana—both controlled substances. Agents also uncovered $25–38 worth of prescription drugs for which appellant did not have a prescription and that were not in properly labeled containers.

On the same day, the state served respondent with an administrative forfeiture notice pursuant to Minn.Stat. § 609.5314, subd. 2 (1996). Early in May, respondent filed a demand for a judicial determination of the forfeiture. Respondent later moved for summary judgment, arguing that the state acted without authority by proceeding under the administrative forfeiture statute. Respondent also requested that the trial court order appellant to return his car. The state argued that the $100 amount in the statute only goes to determine whether there is a presumption that the statute applies and is not a threshold for administrative forfeiture in general. The trial court agreed with respondent and ordered the state to return his car.

## ISSUES

Did the trial court erroneously determine that appellant could not proceed further in administrative forfeiture proceedings?

## ANALYSIS

■ The appellate courts need not give deference to the trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984). Review of the trial court's order requires examination of the statutory scheme for forfeitures.

Judicial forfeiture proceedings can be commenced under Minn.Stat. § 609.5311 and 609.5312 (1996). These statutes provide law enforcement agencies broad forfeiture authority with respect to property associated with controlled substances. Pertinent to each case, a "conveyance device" will be subject to forfeiture "if the retail value of the controlled substance is $25 or more and the conveyance device is associated with a felony-level controlled substance crime." Minn. Stat. § 609.5311, subd. 3(a) (1996).

Judicial forfeiture procedure is determined by Minn.Stat. § 609.5313 (1996). To initiate the process, a separate complaint must be filed against the property, stating the occurrence supporting the forfeiture complaint and the date and place of the occurrence. *Id.* The county attorney must notify the owner of the property, if known or readily ascertainable. *Id.* This proceeding is a civil in rem action, and the agency handling the forfeiture bears the burden of proving the act or omission giving rise to the forfeiture by clear and convincing evidence. Minn.Stat. § 609.531, subd. 6a(a) (1996).

Administrative forfeiture proceedings can be commenced under Minn.Stat. § 609.5314 (1996). Subdivision 1 of the section lists the property "presumed" to be subject to administrative forfeiture, stating circumstances that are more limited than those provided for

judicial forfeiture under sections 609.5311 and 609.5312. Specific to this case, the statute includes a presumption of forfeitability where a conveyance device contains controlled substances of $100 or more and possession of or sale of the controlled substances would be a felony under chapter 152. Minn. Stat. § 609.5314, subd. 1(2). Subdivisions 2 and 3 address the procedure leading to finality in administrative forfeiture cases, mandating notice to property owners and permitting owners to demand a judicial determination by filing an owner's complaint. *Id.*, subds. 2, 3. Subdivision 2 declares that it governs "property described in subdivision 1," referring to the circumstances listed in the first subdivision that are presumed to justify administrative forfeiture. *Id.*, subd. 2(a).

If the owner demands a judicial determination of the forfeiture, and the owner's complaint has been duly filed, no responsive pleading of the county attorney is required, but Minn.Stat. § 609.5314, subd. 3(c), requires the relevant agency to conduct a judicial forfeiture pursuant to Minn.Stat. § 609.531, subd. 6a. Under section 609.531 (1996), there is an evidentiary presumption that circumstances described in section 609.5314, subd. 1, permit forfeiture, but the seizing agency can otherwise establish acts giving rise to forfeiture by clear and convincing evidence.

This court has held that if judicial proceedings are conducted pursuant to section 609.5314, following an administrative seizure and the owner's demand for judicial proceedings, the court may find a basis for forfeiture under either section 609.5314, subd. 3 (administrative), or sections 609.5311 and 609.5312 (judicial). *Rife v. One 1987 Chevrolet Cavalier*, 485 N.W.2d 318, 322 (Minn.App. 1992), *review denied* (Minn. June 30, 1992). The appellant in *Rife* questioned whether the evidence justified a finding of cause for forfeiture under 609.5314. *Id.* We declined to decide that issue, finding that where the court determined the grounds for forfeiture in a judicial proceeding, the court was free to find cause for forfeiture under the other sec-

tions of the forfeiture statute. *Id.* The holding coincides with the provisions of section 609.531, subd. 6a, that, as already stated, govern the demanded judicial proceedings, state the evidentiary presumption attached to circumstances of administrative seizure described in section 609.5514, subd. 1, and state the agency's prerogative to prove any grounds for forfeiture by clear and convincing evidence.

In light of this statutory scheme, this case arises where the appellant challenged, prior to judicial determination, whether this is an administrative forfeiture case under 609.5314. It is undisputed that the circumstances here are not among those "presumed" to be the proper basis for administrative forfeiture.[1] Respondent contends that the statute contemplates the freedom to attack the basis for the administrative forfeiture and the right to demand that the state carry its burden to file a complaint and seek judicial forfeiture under Minn.Stat. §§ 609.531, subd. 6a, and 609.5313.

Respondent's contention has merit. First, section 609.5313 indicates a legislative intent that forfeiture permitted under sections 609.5311 and 609.5312 be initiated by a county attorney's complaint. Second, section 609.5314, subd. 1, while stating the circumstances for administrative forfeiture in terms of cases where cause is "presumed," nevertheless makes it evident that the legislature anticipated administrative forfeiture only in those cases. Section 609.5314, subd. 2, states that the notice and demand provisions are for cases of forfeiture of "property described in [Minn.Stat. § 609.5314, subd. 1]."

■ Under the circumstances of this case, the trial court correctly held that the property owner, rather than proceeding with demanded judicial proceedings, was entitled on his motion to have the administrative forfeiture dismissed on grounds that they were not a proper administrative forfeiture and that alternative causes for forfeiture, if any, must be pursued in the usual fashion for judicial forfeiture. Under these circumstances, the court may dismiss the case without prejudice,

---

1. In this case, the state does not question the contention that there is no section 609.5314, subd. 1, basis for forfeiture. We envision as comparable any circumstances where the seizing authority has so little evidence of cause under the statute that it fails to show a genuine fact issue.

leaving discretion with public authorities to file an appropriate complaint for judicial forfeiture.

Respondent argues extensively the need to protect the rights of persons whose property is taken by administrative forfeiture and the taking is finalized by default because the owners do not demand a judicial determination. In *Rife*, we addressed circumstances where an owner demanded judicial proceedings, but then permitted the case to go forward, thereby allowing the seizing agency to show cause for forfeiture under either section 609.5314 or sections 609.5311 and 609.5312. 485 N.W.2d at 322. We declined there to address the scope of forfeiture that might occur in administrative forfeiture proceedings where the owner defaults on the opportunity to demand judicial proceedings. *Id.* Here, we also are presented with proceedings where no default occurred, and we decline to address the effects of an uncontested administrative proceeding that involves circumstances other than those presumed to justify forfeiture under section 5314, subd. 1.

The trial court granted a judgment of dismissal in this case. We affirm the dismissal but modify the judgment to provide that the dismissal is without prejudice to the right of the seizing authority to commence judicial forfeiture proceedings. We reverse the court's order for immediate return of the vehicle, which remains seized so long as the state seeks forfeiture and complies with the statutory mandate, applicable on any seizure without court process, that "the county attorney must institute a forfeiture action under section 609.5313 as soon as is reasonably possible." Minn.Stat. § 609.531, subd. 4. The authority for seizure is subject to rights of the owner for return of the property under Minn.Stat. § 609.531, subd. 5a (providing for return through bonding or surrender of the vehicle certificate of title).[2]

Finally, respondent moves to strike certain portions of the brief, contending that it constitutes matter that is not in the record. Because none of this material is pertinent to the disposition of the case by the court, we decline to determine whether it is part of the record and we deny the motion.

## DECISION

Respondent is entitled to a dismissal of the administrative forfeiture proceedings without prejudice to the right of the seizing authority to seek relief under the statutes on judicial forfeiture. The trial court's order for immediate return of the defendant vehicle to respondent is reversed.

**Affirmed in part as modified and reversed in part.**

---

2. Respondent contends that he has qualified for return of the property by surrender of the vehicle title certificate. This subject was not addressed by the trial court, which ordered return related to its final dismissal of the case, and the rights of respondent under Minn.Stat. § 609.531, subd. 5a, are not before us in this appeal.