**Raymond F. SCHMITZ, Olmsted County Attorney, Appellant,**

v.

**$40,703.00 (Claimant: Michael Lamar), Respondent.**

No. C5–97–486.

Court of Appeals of Minnesota.

Dec. 30, 1997.

Raymond F. Schmitz, Olmsted County Attorney, Geoffrey A. Hjerleid, Assistant County Attorney, Rochester, for Appellant.

Douglas W. Thomson, Lisa D. Lodin, Douglas W. Thomson, Ltd., St. Paul, for Respondent.

Considered and decided by DAVIES, P.J., WILLIS and FORSBERG,* JJ.

## OPINION

WILLIS, Judge.

The Olmsted County attorney challenges the district court's dismissal of a judicial forfeiture action under Minn.Stat. § 609.5311, arguing that the statutory forfeiture scheme does not require the county attorney to have asserted all statutory claims for forfeiture in the judicial determination proceeding initiated by Lamar. We reverse and remand.

## FACTS

On April 29, 1995, Michael Lamar was arrested at the Rochester Airport for sus-

pected illegal drug activities. A search resulted in the discovery of $40,703 on Lamar's person. That same day an administrative forfeiture proceeding was initiated against the money pursuant to Minn.Stat. § 609.5314, subd. 2 (1994). On June 20, 1995, Lamar filed a demand, pursuant to Minn.Stat. § 609.5314, subd. 3 (1994), for a judicial determination of the administrative forfeiture. Upon motions by both parties for summary judgment, the district court held that because the county attorney failed to prove that the money was found in proximity to controlled substances, it was not subject to administrative forfeiture. Although the county attorney also argued for judicial forfeiture under section 609.5311, the district court did not address that claim.

After the administrative forfeiture proceeding failed, the county attorney initiated a judicial forfeiture proceeding under Minn. Stat. § 609.5311 (1994). After filing an answer, Lamar moved for summary judgment, arguing that the county attorney had been required to raise any independent claims of forfeiture in the proceedings for judicial determination of the administrative forfeiture, and when he failed to do so, the compulsory counterclaim rule of Minn. R. Civ. P. 13.01 prohibited him from initiating a separate judicial forfeiture proceeding under Minn.Stat. § 609.5311. The county attorney argued that the district court's ruling in the prior proceeding merely determined that the property was not subject to administrative forfeiture under Minn.Stat. § 609.5314 and that the decision did not constitute a judgment on the merits of his claim under Minn.Stat. § 609.5311. The district court agreed with Lamar and dismissed the judicial action for forfeiture. The county attorney appeals.

## ISSUE

Did the district court err in dismissing the judicial action for forfeiture under Minn.Stat. § 609.5311?

## ANALYSIS

 Review of the district court's decision requires examination of the statutory scheme

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. Art. VI, § 10.

for forfeiture. On a purely legal issue, appellate courts need not defer to the district court's decision. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

Under the forfeiture statutes, there are two separate procedures for forfeiture of property associated with controlled substances: administrative forfeiture proceedings and judicial forfeiture proceedings. Minn.Stat. §§ 609.5313, 609.5314 (1996).

In administrative forfeiture proceedings commenced under Minn.Stat. § 609.5314, money found in proximity to controlled substances is presumed to be subject to administrative forfeiture. Minn.Stat. § 609.5314, subd. 1(i). When property is seized, or within a reasonable time after the seizure, all persons known to have an ownership or possessory interest in seized property must be notified of the seizure and the agency's intent to seek forfeiture of the property. Minn. Stat. § 609.5314, subd. 2. The property owner (claimant) may contest the administrative forfeiture proceeding by filing a demand for a judicial determination of the forfeiture. Minn.Stat. § 609.5314, subd. 3(a). The demand must be in the form of a civil complaint, and no responsive pleading is required of the county attorney. *Id.* The complaint must be captioned in the name of the claimant as plaintiff and the seized property as defendant. Minn.Stat. § 609.5314, subd. 3(b). If the claimant makes a timely demand for judicial determination of an administrative forfeiture, the agency seeking forfeiture must conduct the proceeding under Minn. Stat. § 609.531, subd. 6a (1996). Minn.Stat. § 609.5314, subd. 3(c).

Under section 609.531, subdivision 6a, an administrative forfeiture is a civil in rem action, and the agency seeking the forfeiture has the benefit of the evidentiary presumption of section 609.5314, subdivision 1, but otherwise bears the burden of proving by clear and convincing evidence the act or omission giving rise to the forfeiture. Minn. Stat. § 609.531, subd. 6a.

Judicial forfeiture proceedings are commenced under Minn.Stat. § 609.5311 and § 609.5312 (1996). Under section 609.5311,

[a]ll property, real and personal, that has been used, or is intended for use, or has in any way facilitated, in whole or in part, the manufacturing, compounding, processing, delivering, importing, cultivating, exporting, transporting, or exchanging of contraband or a controlled substance that has not been lawfully manufactured, distributed, dispensed, and acquired is subject to forfeiture under this section, except as provided in subdivision 3.

Minn.Stat. § 609.5311, subd. 2. The procedure for judicial forfeiture is set forth in Minn.Stat. § 609.5313. To initiate a judicial action for forfeiture,

[a] separate complaint must be filed against the property stating the act, omission, or occurrence giving rise to the forfeiture and the date and place of the act or occurrence. The county attorney shall notify the owner or possessor of the property of the action, if known or readily ascertainable. The action must be captioned in the name of the county attorney or the county attorney's designee as plaintiff and the property as defendant.

*Id.*

Here, following Lamar's demand for judicial determination of the administrative forfeiture, the district court conducted a judicial review. After reviewing the evidence presented by the county attorney, the district court held that because the county attorney failed to prove the money was found in proximity to controlled substances, the money was not subject to administrative forfeiture. When the county attorney then filed an action for judicial forfeiture under section 609.5311, the district court dismissed the action, concluding that (1) the statutory scheme for forfeiture proceedings requires that, following a claimant's demand for judicial determination, the agency seeking forfeiture must assert its claim to the property under all statutory provisions affording forfeiture, and (2) the compulsory counterclaim rule of Minn. R. Civ. P. 13.01 prohibited the county attorney from subsequently bringing an action under section 609.5311 because of his failure to seek forfeiture under that statute in the judicial determination proceeding initiated by Lamar.

We conclude that the district court's decision is erroneous for several reasons:

■ First, the statutory forfeiture scheme provides for two separate types of proceedings for the forfeiture of property associated with controlled substances: judicial and administrative. Minn.Stat. §§ 609.5313, 609.5314. Section 609.5314 lists certain property that is presumed to be subject to administrative forfeiture. Minn.Stat. § 609.5314, subd. 1. The circumstances for administrative forfeiture are more limited than those provided for judicial forfeiture under sections 609.5311 and 609.5312. *King v. One 1990 Cadillac DeVille*, 567 N.W.2d 752, 753–54 (Minn.App.1997).

Second, the legislature established different rules for administrative and judicial forfeiture proceedings. To initiate a judicial determination of an administrative forfeiture, a claimant must file a civil complaint that must be captioned in the name of the claimant as plaintiff and the seized property as defendant. Minn.Stat. § 609.5314, subd. 3(b). The county attorney is not required to file a responsive pleading. *Id.* On the other hand, to initiate a judicial action for forfeiture, a county attorney must file a separate complaint against the property. Minn.Stat. § 609.5313. "The action must be captioned in the name of the county attorney or the county attorney's designee as plaintiff and the property as defendant." *Id.*

Third, an administrative forfeiture proceeding carries a presumption of forfeitability that a judicial forfeiture proceeding does not. Minn.Stat. § 609.5314, subd. 1. In a judicial forfeiture proceeding, a county attorney must prove the grounds for forfeiture by clear and convincing evidence. Minn.Stat. § 609.531.

Fourth, this court has stated that, following seizure of property and the claimant's demand for judicial determination of the forfeiture, a district court may find a basis for forfeiture under either section 609.5314, subdivision 3 (administrative), or sections 609.5311 and 609.5312 (judicial) in judicial proceedings conducted pursuant to section 609.5314, subdivision 3. *King*, 567 N.W.2d at 754 (citing *Rife v. One 1987 Chevrolet Cavalier*, 485 N.W.2d 318, 322 (Minn.App.1992), *review denied* (Minn. June 30, 1992)). But neither this court nor the supreme court has ever required a county attorney to raise all statutory forfeiture claims in one proceeding.

■ For these reasons, we conclude that an adverse judgment on the merits of an administrative forfeiture claim under section 609.5314 does not preclude a subsequent action for judicial forfeiture under section 609.5311. Contrary to the district court's conclusion, the forfeiture statutes do not require a county attorney to raise all statutory claims for forfeiture in a judicial proceeding initiated by the claimant. Therefore, the county attorney here is not barred from initiating a separate judicial forfeiture proceeding under Minn.Stat. §§ 609.5311, 609.5313.

■ We nevertheless recognize that if a county attorney raises all statutory claims for forfeiture in a judicial proceeding initiated by a claimant, both the court and the parties save time and money. Therefore, as a matter of judicial efficiency, we encourage county attorneys to assert all statutory grounds for forfeiture in a proceeding initiated by a claimant for judicial determination of an administrative forfeiture, and district courts should accordingly consider all such claims raised.

## DECISION

The forfeiture statutes do not require a county attorney to raise all statutory claims for forfeiture in proceedings initiated by a claimant for judicial determination of an administrative forfeiture. Therefore, the district court erred in determining that · the county attorney here is barred from initiating a separate judicial forfeiture proceeding under Minn.Stat. §§ 609.5311 and 609.5313. The case is reversed and remanded to the district court for consideration of the merits of the county attorney's claim under Minn. Stat. § 609.5311.

**Reversed and remanded.**